NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**CASSADY A. ADAMS, CO Bar #48807**
Assistant United States Attorney
Cassady.Adams@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:22-cr-00390-HZ** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **TRACY LYNN MOLINA,** | |
| **Defendant.** | |

### INTRODUCTION

The Defendant, Tracy Lynn Molina, is before Court for a change of plea and sentencing hearing to the sole count of the information, preservation of federal property, in violation of 41 C.F.R. § 102-74.380(b). At the time of sentencing, the government will recommend that Molina be sentenced to 12 months' probation, to include the condition of mental health

**Government's Sentencing Memorandum**

treatment, no entry onto any property where an ICE office is located without the prior approval of probation, and restitution.

## THE CHARGE AND POSSIBLE PENALTIES

On November 8, 2022, the United States Attorney filed a one-count misdemeanor information charging Molina with preservation of federal property, in violation of 41 C.F.R. § 102-74.380(b).  ECF 1.

This is a Class C misdemeanor, punishable by a maximum of thirty days jail, a fine of not more than $5,000, no more than five years' probation, and a $5 fee assessment. 18 U.S.C. §§ 3559(a)(8), 3571(b)(6), 3561, 3013; 41 C.F.R. § 102-74.450.

## PLEA

On March 21, 2023, Molina will enter a voluntary plea of guilty to the sole charge in the information, preservation of federal property. There is no plea agreement in this case. ECF 14.

## ELEMENTS

In order for Molina to be found guilty of the crime of preservation of federal property, as charged in the information, the United States must prove each of the following elements beyond a reasonable doubt:

1. The regulations were posted in a conspicuous place on the property, or the defendant had actual notice of the regulations.

2. The defendant willfully damaged federal property.

*See, e.g., United States v. Strong*, 724 F.3d 51 (1st Cir. 2013).

## OFFER OF PROOF

If the case were to proceed to trial, the United States would prove the following:

On August 30, 2022, at approximately 9:20pm, the defendant, Tracy Molina, went to the federal Immigrations and Customs Enforcement office building at 4310 S Macadam Avenue, Portland, Oregon. Molina used washable pink paint to deface the exterior of the building. She made handprints with the paint along the plywood wall in front of the building, the brick barrier in front of the shrubbery, the wall for the building's security entrance, on the metal gate, and on the building number sign. She also used the paint to write "HELP" on the front gate. Molina's conduct was captured on security footage. FPS later discovered both the empty container of paint and a glove on the scene. The federal regulations were posted on the exterior of the ICE building at the time of the offense.





**SENTENCING ARGUMENT**

In this case, the history and characteristics of Molina, as well as the nature and circumstances of the offense, and other sentencing factors set forth in 18 U.S.C. § 3553(a) warrant the sentence requested by the government of 12 months' probation, to include the conditions of mental health treatment, no entry onto any property where an ICE office is located without the prior permission of probation, and restitution.

As described above, on August 30, 2022, Molina was captured on security footage outside of the Federal Immigration and Customs Enforcement office in South Waterfront, vandalizing the building. Molina later acknowledged her unlawful conduct on Twitter. On August 31, 2022, she posted, "Did you paint this? Yup! I sure did. I guess I lose points for using paint that washes off with water. That paint is for 4, 400 human beings who died from dehydration. And That paint was for you Scott you unethical piece of shit!" (Discovery page 32).

On September 2, 2022, Molina returned to the ICE building in South Waterfront and placed a note on the exterior of the building that stated, "Fuck you Scott you fucking monster"

and "When do I ever get justice for violent unlawful acts that left scars on my body for just standing there." (Discovery page 19, 23).

The government later learned about a post made by Molina on or about November 8, 2022, in which Molina implied that she would shoot her landlord if the landlord came into her house to do an inspection.[1] A screenshot of that post is included below (Discovery page 34):

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] No additional charges from this conduct have been filed, but law enforcement authorities were notified about the potential threat to the landlord, and in turn, attempted to locate the landlord to warn him/her. Molina's Twitter account was subsequently suspended for violating the Twitter Rules.



Molina has two prior convictions for failing to comply with a lawful order, in violation of 41 C.F.R. § 102-74.385, in case number 3:21-cr-00191-SI. Those convictions stem from conduct in October 2020 and December 2020, in which Molina entered the grounds of the ICE premises

and failed to comply with lawful directions of federal officials. *See* ECF 23, 24, 27, case no. 3:21-cr-00191-SI. Given this prior case and the resulting two prior convictions, Molina was fully aware that she was not allowed to damage government property.

To be clear, no one wants to impede Ms. Molina's right to express herself. The conduct that is being punished is the act of damaging property, not the speech itself.

The United States believes that its recommended sentence will hold Molina accountable for her conduct and ensure the safety of the community, as well as provide her with any necessary treatment or care. In her prior case, case no. 3:21-cr-00191-SI., Molina was *not* placed on probation by Judge Simon. Rather, she was sentenced to time served on each count, a fine, and a fee assessment. ECF 27, case no. 3:21-cr-191-SI. This penalty did not deter her recent behavior. Thus, given the new criminal behavior in this case—as well as the Twitter post threatening to shoot the landlord if he enters her property to do an inspection—a more stringent sentence of probation is warranted.

## RESTITUTION

The government is requesting $273.50 restitution in this case. This is the cost of the graffiti removal. *See* Exhibit 1 (Invoice for graffiti removal services). The restitution should be made payable to 4310 Bldg. LLC, and mailed to P.O. Box 42135, Portland, OR 97242.

/ / /


/ / /


/ / /

## CONCLUSION

Based on the foregoing, the government recommends the Court impose a sentence of 12 months' probation, with conditions that include mental health counseling and any necessary treatment, and a condition that Molina is not to enter any property where a U.S. Immigration and Customs Enforcement office is located, without the prior permission of the probation officer. The government also requests that the Court order restitution, and the $5 fee assessment.

Dated:  March 15, 2023                              Respectfully submitted,

                                                    NATALIE K. WIGHT,
                                                    United States Attorney

                                                    /s/ Cassady A. Adams
                                                    CASSADY A. ADAMS, CO Bar #48807
                                                    Assistant United States Attorney